Skylink Travel, Inc. v Jain Holdings LLC (2020 NY Slip Op 07478)





Skylink Travel, Inc. v Jain Holdings LLC


2020 NY Slip Op 07478


Decided on December 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 651528/17 Appeal No. 12584 Case No. 2020-01485 

[*1]Skylink Travel, Inc., Plaintiff-Appellant,
v
Jain Holdings LLC et al., Defendants-Respondents.


Archer & Greiner, P.C., New York (Michael J. Lauricella of counsel), for appellant.
Law Office of Meng Michelle Cheng, Long Island City (Meng Cheng of counsel), for respondents.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered August 8, 2019, which, inter alia, denied plaintiff's motion for partial summary judgment as to defendant Shenil Jain, and granted defendants' cross motion to dismiss the fraud claim as against Shenil Jain and Amit Jain, unanimously reversed, on the law, with costs, plaintiff granted partial summary judgment against Shenil Jain on the breach of contract claim as to liability and on the account stated claim as to both liability and damages, and the cross motion to dismiss the fraud claim as against Shenil Jain and Amit Jain denied. The motion court erred in dismissing the contract claims against defendant Shenil Jain. While defendant Shenil Jain signed the agreement as owner of the company, there was also "clear and explicit evidence of defendant Shenil Jain's intention" to be personally liable (see Paribas Properties, Inc. v Benson, 146 AD2d 522, 525 [1st Dept 1989]). The provision initialed by defendant Shenil Jain unambiguously provided that he would be personally liable for charges under the agreement with plaintiff. Specifically, the clause stated, "I Shenil Jain accepting full responsibility for all Cash/Checks payment, Credit Card payments and for any transactions done by my company." That Shenil Jain also signed the agreement in his official capacity, does not void evidence of his intent to be held personally liable on the breach of contract and account stated claims (see id.) Further, the responsibility clause was not hidden inasmuch as the agreement was only a single page long, and therefore defendant Shenil Jain cannot claim surprise that the clause was a part of the agreement.
Plaintiff's fraud claim was based not just on false promises to pay, but on the allegation of a scheme by Shenil and Amit Jain to defraud their own customers, as well as plaintiff, by having plaintiff make purchases through unauthorized credit card use. The scheme involved false statements to plaintiff of a present fact, namely that the charges were authorized. Accordingly, the cross motion to dismiss the fraud claim should have been denied (see TIAA Global Invs., LLC v One Astoria Sq. LLC, 127 AD3d 75, 86-87 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 10, 2020